UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | | |
|---|---|---|
| ANTHONY B. CARR, | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | No. 3:19-CV-274-DMB |
| | : | |
| NATHAN CAIN, Mississippi Corrections | : | CAPITAL HABEAS CORPUS |
| Commissioner, and LYNN FITCH, | : | |
| Attorney General, | : | |
|     Respondent. | : | |
| _____ | : | |

## MOTION TO STAY AND ABEY PROCEEDINGS

Petitioner Anthony B. Carr, by and through undersigned counsel, hereby moves the Court to stay, and hold in abeyance, this cause to permit his exhaustion of state court remedies (the "Motion"). Petitioner requests an order permitting his prompt return to state court to present unexhausted constitutional claims and thereby to pursue relief from his capital judgment. His pending petition consists of exhausted and unexhausted claims, and the "total exhaustion" doctrine reflected in *Rose v. Lundy*, 455 U.S. 509, 520 (1982), and clarified, in relation to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), in *Rhines v. Weber*, 544 U.S. 269, 278 (2005), necessitates his return to state court before proceeding further in this Court. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022) (citing *Rose*). Further, state successor litigation would require the inclusion of any other claims needing exhaustion that may be added or otherwise included in an amended petition, pursuant to Fed. R. Civ. P. 15(c)(2), upon Mr. Carr's return to this Court.

The foregoing bases for the Motion are provided to permit the following meaningful submission of the grounds for this request, which, pursuant to the Local Uniform Civil Rules for the Northern District of Mississippi and the Southern District of Mississippi, refrains from legal

1

argument and citation of authority. L.R. 7(b)(2)(B).

In support of this Motion, along with an accompanying *Memorandum of Law*, Petitioner submits the following:

1. The exhausted federal constitutional violations set forth in Mr. Carr's initial petition (Doc. #12) require relief from his Quitman County Circuit Court conviction and death sentence, but relief via state successor litigation may obviate further federal litigation.

2. In this federal cause, Mr. Carr's initial petition pleads three claims requiring state court exhaustion:

    a. Claim No. 2, regarding violation of the Sixth, Eighth, and Fourteenth Amendments by the ineffective assistance of counsel in litigating Mr. Carr's intellectual disability disorder and his resulting exemption from capital punishment (*id.* at 41-44);

    b. Claim No. 4, regarding violation of the Eighth and Fourteenth Amendments due to Mr. Carr's factual innocence and innocence of the death penalty (*id.* at 48-9); and

    c. Claim No. 23, regarding violation of the Sixth, Eighth, and Fourteenth Amendments from trial counsel's failure to prepare and present mitigation in Mr. Carr's penalty phase (*id.* at 101-04).

3. Thus, most of the 33 discrete claims in the initial petition are exhausted. While the foregoing unexhausted claims are substantial and will concern extensive evidence, the anticipated successor state court litigation is relatively bounded.

4. In the event Mr. Carr does not obtain relief in state court and thus would need to return to this Court after exhausting the foregoing claims, amendment of his petition to plead

additional claims may be anticipated. *Supra*. This would call for the inclusion in state successor litigation of any other claims needing exhaustion that may be added or otherwise included in an amended petition in this Court.

WHEREFORE, Petitioner requests the Court enter an order staying and holding in abeyance this cause to permit (i) Petitioner to file in state court within 30 days a motion for appointment of counsel for post-conviction relief, and (ii) to file a notice of his intent to resume this federal cause by 30 days from the date of entry of the final adjudication of Petitioner's prospective successive litigation in the Mississippi Supreme Court.

Respectfully submitted, this the 29th day of August, 2022.

/s/ *Joseph J. Perkovich*
Joseph J. Perkovich
PHILLIPS BLACK, INC.
PO Box 4544
New York, NY 10163-4544
212.400.1660 (tel.)
j.perkovich@phillipsblack.org

/s/ *Christina M. Seanor*
Christina M. Seanor
BRADLEY ARANT BOULT CUMMINGS, LLP
One Jackson Place
188 East Capitol Street, Suite 1000
PO Box 1789
Jackson, MS 39215-1789
601.948.8000 (tel.)
cseanor@bradley.com

*Counsel for Petitioner, Anthony B. Carr*