## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

ANTHONY CARR                                                  *PETITIONER*

VS.                                  CIVIL ACTION NO. 3:19-CV-274-DMB

NATHAN CAIN, Mississippi Corrections Commissioner;
LYNN FITCH, Attorney General                                 *RESPONDENTS*

## RESPONSE IN OPPOSITION TO MOTION AND MEMORANDUM TO STAY AND ABEY FEDERAL PROCEEDINGS (Docs. 40, 41)

Petitioner Anthony Carr asks this Court to stay and abey his federal habeas proceedings so that he may return to state court and comply with Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") exhaustion requirements. (Docs. 40, 41). Carr's Motion is meritless and should be denied.

### Carr does not satisfy the requirements set out in *Rhines v. Weber* to warrant an order staying and abeying these proceedings.

Petitioner Anthony Carr seeks an order to stay and abey these proceedings consistent with the Supreme Court's holding in *Rhines v. Weber*, 544 U.S. 269 (2005). *Rhines* permits this Court to grant an order staying and abeying ongoing habeas proceedings where it finds: 1) good cause for failure to exhaust; 2) the unexhausted claims are potentially meritorious; and 3) the petitioner has not engaged in potentially dilatory litigation tactics *Id.* at 278. But Carr satisfies none of the *Rhines* elements, and precedent dictates that a stay is not warranted.

1

Preliminarily, it is Carr's burden to prove that he meets all three criteria set out in *Rhines*, and his burden is considerable. "A stay and abeyance should be available only in limited circumstances because '[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality... [and] streamlining federal habeas proceedings.'" *Young v. Stephens*, 795 F.3d 484, 494-495 (5th Cir. 2015) (quoting *Rhines*, 544 U.S. at 277). Similarly, "a federal habeas court may never 'needlessly prolong' a habeas case . . . particularly given the 'essential' need to promote the finality of state convictions." *Shinn v. Ramirez*, 142 S.Ct. 1718, 1739 (citing *Calderon v. Thompson*, 523 U.S. 538, 555 (1998)).

Carr seeks to stay and abey this proceeding to exhaust Claims 2, 4, and 23, and acknowledges that any other claims he identifies for purposes of an amended habeas petition would also need to be exhausted. (Doc. 41, at 1). But Carr does not satisfy any of the criteria identified in *Rhines v. Weber*, for the granting of a stay.

### 1. Carr cannot show good cause for failing to exhaust Claims 2, 4, and 23.

Though good cause has not been defined by the Supreme Court for purposes of a *Rhines* stay, Carr cannot show any cause, good or otherwise, for his failure to exhaust the subject claims. Carr filed the initial habeas petition in this Court, which began this litigation, on September 14, 2020. (Doc. 12). At

2

the time of filing his petition Carr was plainly aware it included unexhausted claims. By his own admission, "the present pleading [claim 2] is the first opportunity Carr, through counsel, has had to challenge the performance of his counsel pursuant to the remand in *Carr II*, 873 So. 2d at 1007." Further, Carr summarized Claim 4's procedural history in his own words with, "The development of evidence illuminating Carr's ineligibility for the death penalty under the Mississippi and Federal constitutional and procedural authorities is further anticipated." And finally, Carr summarized his need for further development of claim 23 with the following,

> "Post-conviction counsel raised the issue by further evidencing trial counsel's utter lack of preparation—an absence of preparation plainly evidence from the penalty phase record itself. The state court proceedings were plainly materially incomplete and Carr obtained neither the means nor the judicial process to present his claim reflecting the deficiency of his counsel's performance and the prejudice from that performance resulting from the total absence of potential welter information showing Carr's life circumstances and individual humanity to his jury. Thus, there has been no merits adjudication of Carr's stunted claim of penalty phase trial counsel ineffectiveness[1]."

But prior to seeking this *Rhines* stay, Carr waited almost two years to file the current Motion and Memorandum before this Court (Docs. 40, 41). From filing his petition on September 14, 2020, until the filing of this Motion,

---

[1] The State does not concede that this issue is in fact unexhausted and will alternatively argue that the claim is exhausted and therefore not subject to stay and abeyance proceedings consistent with *Rhines v. Weber*.

714 days later, he has yet to and cannot articulate any cause for such an extended delay. Carr relies of *Martinez v. Ryan*, 556 U.S. 1 (2012), to suggest he has satisfied this Court's good cause requirement. But Carr cannot rely on *Martinez*, and *Martinez* does not establish good cause for his failure to exhaust any of the subject claims.

Further, *Martinez* offers Carr no relief because *Martinez* holds the ineffectiveness of initial state PCR counsel may provide good cause for considering a defaulted claim of ineffective assistance of trial counsel. *Martinez*, at 11-2. Under *Martinez*, if a habeas petitioner shows his initial state PCR counsel was ineffective for failing to raise a specific ineffective assistance of trial counsel claim in his first state PCR proceedings, then a federal district court may review the ineffective assistance of trial counsel claim *de novo*. In that instance, granting a stay and holding the proceedings of a habeas case in abeyance would be contrary to *Martinez's* holding and defeat one of AEDPA's primary purposes—avoiding delay.

a.   Carr cannot establish good cause for failing to exhaust Claim 2.

Carr's second claim for writ of habeas corpus is explained by him as follows: "Mr. Carr's *Atkins* counsel performed below the standard of care, depriving him of his right to effective assistance of counsel, violating the Sixth, Eighth, and Fourteenth Amendments." Here, the State agrees, Carr has not

4

exhausted this claim. But *Martinez v. Ryan* does not suggest Carr has established good cause for failing to exhaust this claim.

> "The *Martinez/Trevino* exception to the procedural default doctrine requires a showing that the performance of a federal habeas petitioner's state postconviction counsel was so deficient as to preclude state court merits review of a meritorious claim of ineffective assistance by trial counsel, thus permitting a federal habeas court to undertake a merits review of the otherwise procedurally defaulted complaint of ineffective assistance by state trial counsel."

*Brown v. Dir., TDCJ-CID*, No. 3:19-CV-2301-L-BN, 2022 WL 509352, at *5 (N.D. Tex. Jan. 28, 2022), *report and recommendation adopted sub nom. Micah Crofford Brown, Petitioner, v. BOBBY LUMPKIN, Dir., Dep't of Crim. Just., Corr. Institutions Div., Respondent.* (N.D. Tex. Feb. 18, 2022) (citing *In re Edwards*, 865 F.3d 197, 207-08 (5th Cir.), *cert. denied*, 137 S. Ct. 909 (2017). But Carr's Claim 2 is not defaulted and does not allege ineffective assistance of trial counsel, so *Martinez* is inapplicable. Further, Carr has yet to prove either trial or appellate counsel were actually ineffective in his defense. Carr can show no justification for failing to exhaust this claim, despite being aware of its un-exhaustion two years ago, in September 2020.

### b.  Carr cannot establish good cause for failure to exhaust Claim 4.

Carr's fourth claim seeks to challenge the validity of his underlying conviction. In Claim Four Carr argues, "Because Mr. Carr is factually innocent (A) of this capital conviction and (B) the aggravating circumstance that his jury

was adjudged to have found against him, his judgment violates the Eighth and Fourteenth amendments." (Doc. 12 at 44). But here again, Carr cannot establish good cause for failing to exhaust this claim. Here again, he has waited an inordinate amount of time to exhaust this claim, by waiting almost two years before even trying to seek its exhaustion. *See Brown v. Dir., TDCJ-CID*, No. 3:19-CV-2301-L-BN, 2022 WL 509352, (N.D. Tex. Jan. 28, 2022) (finding that petitioner's waiting "almost a year after he filed his original habeas corpus petition to request a stay to permit him to return to state court and exhaust state remedies on his allegedly unexhausted claims" does not weigh in favor of granting a *Rhines* stay).

Carr also fails to articulate any explanation as to why he has failed to exhaust this claim. It should also be noted that actual innocence is not a cognizable claim for relief in a state court post-conviction relief proceeding or considered good cause that would warrant a *Rhines* stay under federal law. En Banc Order, *Underwood v. State*, No. 2015-Dr-01378, (entered December 16, 2021). Actual or factual innocence may warrant *de novo* review of defaulted claims under AEDPA's fundamental miscarriage of justice exception. *McQuiggin v. Perkins*, 569 U.S. 383, 393, (2013). Accordingly, a stay would not aid in the final determination of this claim. Alternatively, a stay would only help prolong this litigation even further.

6

c. **Claim 23 is already exhausted and not subject to be stayed.**

Carr's Claim 23, that "Trial counsel completely failed to prepare mitigation evidence, violating the Sixth, Eighth, and Fourteenth Amendments" is already exhausted, and not subject to a stay. Carr presented this identical claim in his Application for Leave to File Petition for Post-Conviction Relief and Memorandum in Support. (PCR Pet. at 69). In Carr's PCR he alleged counsel was ineffective during the penalty phase of his capital trial, depriving him of his Sixth and Fourteenth Amendment rights.

"Before seeking federal habeas corpus relief, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Jasper v. Thaler*, 765 F. Supp. 2d 783, 843 (W.D. Tex. 2011), *aff'd*, 466 F. App'x 429 (5th Cir. 2012) (citing: *Baldwin v. Reese,* 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842, 119 S.Ct. 1728, 1731, 144 L.Ed.2d 1 (1999); *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); 28 U.S.C. § 2254(b)(1)).

"To provide the State with this necessary "opportunity," the prisoner must "fairly present" his claim to the appropriate state court in a manner that alerts that court to the federal nature of the claim." *See Baldwin,* 541 U.S. at 29–32, 124 S.Ct. at 1349–51. Carr has already fairly presented his claim of

7

trial counsel's ineffectiveness during the penalty phase of his trial to the Mississippi Supreme Court. The Mississippi Supreme Court heard Carr's assignment of error and rejected it, finding Carr failed to show counsel was ineffective during the penalty phase of his trial, including the presentation of mitigation evidence in support of his defense. *Carr v. State*, 873 So. 2d 991, 1004 (Miss. 2004).

Having already exhausted this claim, Carr may not use this habeas proceeding as a means to re-litigate issues already decided. "The holdings in *Martinez* and *Trevino* do not furnish a vehicle for obtaining de novo federal habeas review of constitutional claims that the federal habeas petitioner litigated unsuccessfully in a state habeas proceeding but now wishes to re-litigate using new evidence and different counsel. *Brown*, 2022 WL 509352, at *6 (citing *Broadmax v. Davis*, No. 3:15-CV-1758-N, 2019 WL 3302849, at *19 (N.D. Tex, July 23, 2019) (affirmed by *Broadmax v. Lumpkin*, 897 F.3d 400 (5th Cir. 2021). And he may not rely on *Rhines* as authority for employing stay-and-abeyance procedures so that he may raise an already-exhausted claim in yet another round of state PCR proceedings.

Carr contends that *Moore v. Quarterman*, 491 F. 3d 213 (2007) renders his claim unexhausted because if he were allowed to return to state court and develop this claim, he would then be able to present this Court with evidence that "fundamentally alters" his claim. (Doc. 9 at 10). But Carr cannot rely on

8

*Quarterman* for a couple of reasons. First, it would be true that if Carr presented one claim to the Mississippi Supreme Court, then presented that same underlying claim to a federal court in his habeas proceeding but supported the claim with additional facts or a new theory of law, that new information would render the original claim unexhausted under *Quarterman*. This is because the original claim supported with new facts, or a new theory of law, is not identical to the claim "fairly presented" to the state supreme court. In that case, the state supreme court would not have had an opportunity to determine the alleged constitutional violation being presented to the federal court with new facts or new theory of law. Second, Carr has not provided the Court with any new evidence to support his assertions. As a result, this Court cannot determine any new evidence fundamentally alters this claim.

*Quarterman* does not apply when, as here, Carr seeks to add evidence to his claim to intentionally render that claim unexhausted. The case cited by Carr, *Rhines v. Weber*, does not permit stays simply for litigants to return to state court and develop their appeals. *Rhines* provides litigants with an opportunity to return to state court solely to exhaust their claims. Carr seems to be arguing that the fact he could return to state court and possibly develop more evidence in support of his trial counsel ineffectiveness claim somehow renders this claim unexhausted. This is incorrect, and application of this type of rule would fundamentally frustrate the purpose of AEDPA's exhaustion

9

requirement. A litigant is expected to present his complete allegation of error to the state court where he was prosecuted. That litigant then must present the same claim to the federal court for review. This balance protects the interest of federalism that has long been the aim of the AEDPA and its precedent.

Nowhere in AEDPA or its caselaw is a litigant permitted to essentially "game the system" by strategically holding out claims as exhausted when it best suits him, then conversely arguing the same claim is unexhausted when that then suits them best. Because this claim has already been fairly presented to the Mississippi Supreme Court, it is exhausted and not subject to a stay. That Carr might be able to develop more evidence related to this claim is irrelevant and does not support the granting of stay. Record development is not good cause under *Rhines*. Under *Rhines*, stays should be granted to exhaust state court remedies, which Carr admits is not his intent here. Similarly, *Rhines* is not a vehicle for developing additional evidence to support new claims. Aside from that, AEDPA permits petitioners to develop claims in federal habeas proceedings only in the extremely limited circumstances set out under 28 USC § 2254(e). *Shinn,* 142 S.Ct. at 1734. This Court commits plain error in holding otherwise.

2.     **Carr cannot prove that any of his unexhausted claims are "potentially meritorious."**

a.     **By Carr's own admissions, Claim 2 is clearly not "potentially meritorious."**

Carr's second claim challenges the effectiveness of counsel's performance during his state court *Atkins* remand. (Doc. 12 at 37). To prevail on a claim of effective assistance of PCR counsel, Carr must navigate the familiar standard in *Strickland v. Washington,* 466 U.S. 668, 687, (1984). Carr must affirmatively prove both that counsel performed deficiently and also that counsel's deficiency actually prejudiced his defense. *Id.* at 695. The failure to prove either element is fatal to Carr's claim. *Id.* at 700. But Carr can make neither showing and seems to acknowledge this in his habeas petition.

In describing *Atkins* counsel's performance, Carr writes, "While the evidence before the state courts readily satisfied the threshold for a finding of capital ineligibility under *Atkins*[,] counsel's performance in the development and presentation of Carr's evidence nonetheless fell below the standard of care in several vital respects." (Doc. 12 at 38). If as Carr explains, counsel "readily satisfied the threshold for a finding of capital ineligibility" he cannot hope to prove counsel provided even deficient performance. Accordingly, the first element of Carr's *Strickland* claim is not satisfied, rendering the entire claim failed and meritless. Carr's claim of ineffective assistance is flawed as a matter

11

of law, where Carr cannot establish even the first element under *Strickland v. Washington*.

Carr's claim similarly fails when considering the prejudice prong of *Strickland*. In Carr's own words:

> "Counsel's deficiency should not have harmed Carr because (i) the showing counsel made, largely incorporated the evidence adduced by the testifying clinical psychologist from the 1990 trial (Dr. Kallman), readily satisfied the thresholds of the diagnostic criteria concerning intellectual functioning and adaptive behavior, and (ii) the State's experts' own testing and evaluation yielded sufficient evidence to necessitate *Atkins* relief."

(Doc. 12 at 38). Here again, Carr doubles down on counsel's adequacy during the *Atkins* hearing. According to Carr's own argument, not only did trial counsel perform adequately enough for him to prevail, but even the State's doctor's testimony was sufficient for him to prevail on his underlying *Atkins* claim. (Doc. 12 at 38). Carr's real complaint is not one of ineffective assistance of counsel. His real contention is that the Mississippi Supreme Court ruled incorrectly in its *Atkins* determination. But based on his own characterization of his ineffective assistance of counsel claim, it must fail. He can prove neither that counsel's performance was deficient, nor that counsel's performance prejudiced his defense. By his own admission, counsel performed sufficiently to prevail on his *Atkins* claim. (Doc. 12 at 38) Carr's claim that *Atkins* counsel was constitutionally ineffective is not potentially meritorious as contemplated by *Rhines v. Weber*.

12

### b. Carr's Claim 4, that he is factually innocent is unsupported and not potentially meritorious.

Carr's capital conviction has been affirmed by the Mississippi Supreme Court on several occasions. *Carr v. State*, 655 So. 2d 824 (Miss. 1995), *Carr v. State*, 873 So. 2d 991 (Miss. 2004), *Carr v. State*, 283 So. 3d 18 (Miss. 2019). By his own admission, he hopes this federal proceeding "will develop evidence to demonstrate his (sic) the wrongfulness of the capital conviction." Carr articulates no other offer of proof or suggestion of innocence than this. His claim is unsupported with facts or evidence and is fundamentally not potentially meritorious.

### c. Carr's Claim 23 is res judicata barred and not potentially meritorious.

As referenced previously, Carr's Claim 23 has already been properly exhausted and is not subject to a stay. The claim has been fairly and adequately presented to the Mississippi Supreme Court, which rejected it. *Carr*, 873 So. 2d at 1003-4 (Miss. 2004). If Carr were allowed to return to State court to relitigate this issue, he would fare no better. Carr's claim would be barred under Mississippi Code Section 99-39-27(9) (successive writ bar) and Section 99-39-21(1) (theory of waiver). Because Carr has already attempted to litigate this issue, putting forward the same theory of law, applied to the same facts, he is precluded from relitigating the issue in Mississippi's state courts.

13

Carr's claim is both barred from additional consideration in state court and plainly meritless.

### 3. Carr has engaged in dilatory litigation tactics and should not be granted a stay.

In the nearly two years it has taken Carr to file this *Rhines* Motion seeking a stay, he cannot reasonably argue that he has not been dilatory. This filing itself is evidence of dilatory tactics, where Carr presents an exhausted claim as unexhausted in hopes of bettering his position in the wake of the Supreme Court's decision in *Shinn v. Ramirez*. Carr petitioned for habeas corpus on September 14, 2020. (Doc. 12). He then filed this motion for stay and abeyance, on August 29, 2022. (Docs. 40, 41) In the intervening twenty-three months Carr has not only sought seven extensions of time (Docs. 20, 22, 24, 26/27, 31, 33, and 35)[2] but he has also moved the goalposts.

This Court entered its first scheduling order on September 15, 2020. (Doc. 13). Both the State and Carr sought a revised scheduling order by joint motion filed on November 24, 2020. (Doc. 18). This first revised scheduling order provided Carr additional time to file an amended habeas petition. Carr's new deadline to submit his amended petition (not a *Rhines* Motion) was March 1, 2021. Before filing his amended habeas petition, Carr moved for additional

---

[2] As a professional courtesy the State did not object to any of these requested extensions. The State's decision not to object does not constitute waiver, because *Rhines v. Weber* tasks Carr, not the State, with satisfying its three-pronged criteria cited above.

time again on February 12, 2021, citing the ongoing Covid-19 Pandemic as cause for the need for additional time. (Doc. 20). Finding Carr's motion well-taken this Court entered its Third Amended Scheduling Order. (Doc. 23). Later, Carr moved for additional time again on August 24, 2021, again citing the Covid-19 Pandemic as cause for needing more time. (Doc. 24). The Court granted Carr's motion and entered its Fourth Amended Scheduling order on August 26, 2021. (Doc. 25). Carr then filed another Motion for extension of time on November 16, 2021, (Doc. 26) and an amended version of the same motion on November 17, 2021, (Doc. 27).

Here, for the first time, more than a year after telling this Court he needed time to amend his habeas petition, Carr explained that he was no longer pursuing filing an amended habeas petition. Instead, he revealed his intention to pursue an order staying and abeying this proceeding consistent with *Rhines v. Weber*, 544 U.S. 269 (2005).

No longer seeking to file an amended petition, Carr then moved for additional time three more times. (Docs. 31, 33, and 35). This Court granted each of Carr's requests and entered its Sixth, Seventh, and Eighth Amended Scheduling Orders respectively. (Docs. 32, 34, and 36). Seven-hundred and fourteen days after filing his initial petition for habeas corpus, Carr filed the *Rhines* Motion and Brief now before this Court, August 29, 2022. (Docs. 40, 41).

15

To date, it has taken Carr almost two years to file the subject *Rhines* motion. Though this motion has taken an exceedingly long time to present, there is nothing in this motion that was not known or capable of determination on or before September 14, 2020. Carr acknowledged in his September 14, 2020, filing that Claims two and four were unexhausted and needed further evidentiary development. (Doc. 12 at 40 and 44). Despite being aware of the need to exhaust, Carr took no action to even begin seeking a *Rhines* stay until November 2021. (Docs. 26, 27). Then, after identifying a *Rhines* motion would be the next appropriate avenue, Carr waited another nine months before presenting this Court with his request.

Carr cannot deny that he has intentionally sought delay for delay's sake. The filing of this motion does not present unique or novel theories of law. On the contrary, *Rhines* motions are a common filing in habeas practice, particularly in capital cases. Though Covid-19 no doubt provided new challenges for nearly every professional working through it, Covid-19 did not prevent the filing of Carr's *Rhines* Motion, particularly where every fact and theory of law in the motion was known before the pandemic. Carr has yet to articulate any explanation for how he can satisfy *Rhine's* third element. But he cannot deny that Covid-19 cannot possibly be a valid justification for the time taken in preparation of this specific Motion.

16

Further, Carr's presentation of an exhausted claim as "unexhausted" demonstrates his intent to "game" this proceeding. Carr seeks additional evidentiary development to support Claim 23 because he has now been told emphatically by the United State Supreme Court that he may not endeavor to develop that proof in his federal habeas proceeding any longer. *See Shinn v. Ramirez*. But to be clear, the Supreme Court's decision in *Shinn* did not convert Carr's once exhausted claim to a newly unexhausted one. Nor does the holding in *Moore v. Quarterman*. Carr's claim was exhausted when it was fairly presented to the Mississippi Supreme Court during his PCR proceeding.

A review of the docket shows a clear indication that Carr has sought delay after delay in this proceeding as the Court is now operating within its Eighth Amended Scheduling Order. (Doc. 36). Even now, the claims he seeks to be remanded will cause further delay as each lack merit. Accordingly, the State of Mississippi respectfully requests that Carr's Motion be denied.

### 4. Alternatively, the Court should not grant an indefinite stay.

Carr cannot meet his burden under *Rhines*, but should the Court determine that a stay is appropriate, Respondents alternatively request that the Court expressly condition Carr's remand to state court with reasonable time restrictions in accordance with *Rhines*. 544 at 278. "[A]n indefinite stay would be inappropriate, since such a stay would permit petitioners to 'frustrate [the Antiterrorism and Effective Death Penalty Act of 1996's] goal of finality

17

by dragging out indefinitely their federal habeas review.'" *Ryan v. Gonzales*, 568 U.S. 57 (2013) (quoting *Rhines*, 544 U.S. at 277-78). Accordingly, Respondents alternatively ask the Court to order Carr to present his unexhausted claims in state court within thirty days from the date a stay is entered and return to this Court within thirty days from the date that exhaustion is complete.

## CONCLUSION

For these reasons, and any others apparent before the Court, Carr's Motion to Stay and Abey Federal Proceedings (Doc. 41) should be denied.

Respectfully submitted, this the 9th day of September 2022.

> BURL CAIN, Commissioner, Mississippi
> Department of Corrections;
> LYNN FITCH, Attorney General of the
> State of Mississippi
>
> By:/s/ *Parker Proctor Jr.*
> PARKER PROCTOR JR. (MSB#105091)
> Special Assistant Attorney General
> P.O. Box 220
> Jackson, Mississippi 39205-0220
> Telephone: (601) 359-3747
> Email: Parker.Proctor@ago.ms.gov
>
> *Counsel for Respondents*

## CERTIFICATE OF SERVICE

I, Parker Proctor Jr., certify that I have electronically filed this document with the Clerk of the Court using the ECF system, which sent notification to all counsel of record, and mailed, via U.S. Mail, postage pre-paid to the following:

Joseph J. Perkovich
PHILLIPS BLACK, INC
P.O. Box 4544
New York, NY 10163-4544

Christina M. Seanor
BRADLEY ARANT BOULT CUMMINGS, LLP
One Jackson Place
188 E. Capitol Street, Suite 1000
Jackson, MS 39215-1789

THIS, the 9th day of September, 2022.

LYNN FITCH
Attorney General of Mississippi

/s/ *Parker Proctor Jr.*
Parker Proctor Jr.
*Counsel for Respondent*

19