UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | | |
|---|---|---|
| ANTHONY B. CARR, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 3:19-CV-274-DMB |
| | : | |
| NATHAN CAIN, Mississippi Corrections | : | CAPITAL HABEAS CORPUS |
| Commissioner, and LYNN FITCH, | : | |
| Attorney General, | : | |
| Respondent. | : | |
| | : | |

## REBUTTAL TO OPPOSITION TO STAY AND ABEY PROCEEDINGS

Respondents urge this Court to prejudge for the Mississippi judiciary whether Mr. Carr has justification to pursue Mississippi remedies. Doc. #43 (the "Opposition" or "Opp."). Respondents thus insist the Court now take an unprecedented step in denying the present motion. However, Respondents recognize, alternatively, that the stay that Petitioner hereby seeks should contemplate state court proceedings immediately and, in the event that a remedy is not obtained from Mississippi's courts, the prompt return to this Court. Opp. at 17 (*infra*).

### ARGUMENT

Respondents can offer no authority from Mississippi's United States District Courts in support of their Opposition because there is no order or opinion, published or unpublished, from either the Northern District or Southern District denying a motion pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Further, since *Grayson v. State*, 118 So.3d 118 (Miss. 2013), these District Courts have faced the basic issue now pending for Mr. Carr and have uniformly, in no fewer than 14 different cases,[1] stayed proceedings to permit the return to state court to seek remedies and

---

[1] In addition to the 11 cases enumerated in the Motion, Petitioner hereby identifies *Hutto v. Taylor*, No. 3:20-cv-0098, ECF No. 26 (S.D. Miss. Nov. 1, 2021); *Moffett v. Epps*, No. 3:14-cv-0639-HTW, ECF No. 60 (S.D. Miss.

1

exhaust claims. Doc. 41 (the "Motion" or "Mtn.") n.1 and related text (partially listing such orders).

With respect to Petitioner's Sixth Amendment ineffective assistance claims (Claims 2 and 23), the Motion brings to bear the tectonic shift *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), has recently caused in upholding *Martinez v. Ryan*, 566 U.S. 1 (2012), but broadly proscribing evidentiary development under 28 U.S.C. § 2254(e)(2). Mtn. at 1, 4. *Shinn* has underscored the need for meaningful access to state courts long contemplated in *Rhines*. *Id* at 4 (discussing *Shinn*, 142 S. Ct. at 1732-33 (citing *Rose v. Lundy*, 455 U.S. 509, 520 (1982).

Respondents lean heavily on an unpublished Texas federal magistrate's report and recommendation ("R&R") in arguing against the presence of good cause for a *Rhines* stay to permit such state court process while maintaining the ability to return to this Court. Opp. at 5, 6, and 8, quoting or citing *Brown v. Dir., TDCJ-CID*, No. 3:19-cv-2301-L-BN, 2022 WL 509352 (N.D. Tex. Jan. 29, 2022). *Brown* is enlisted here due to the general dearth of support for Respondents' argument, which includes the aforementioned total absence of any support for their position from this District Court or its sister federal jurisdiction. In any event, precedents concerning Texas state procedure must consider the onerous procedural bars there pursuant to Tex. Code Crim. Proc. Art. 11.071, § 5(a)(1). *See, e.g.*, *Ex parte Campbell*, 226 S.W.3d 418, 421 (Tex. Crim. App. 2007) (explaining § 5(a) requirements, including that the "factual or legal basis for an applicant's current claims must have been unavailable as to all of his previous applications"). With respect to Mississippi state successor litigation, Respondents do not acknowledge the primacy of *Grayson v. State*, 118 So.3d 118, 126 (Miss. 2013), and Mississippi law's guarantee of the effective assistance of post-conviction counsel. In relation to the means to

---

Sep. 12, 2017); *Powers v. State*, No. 2:07-cv-0020-HTW, ECF No. 50 (S.D. Miss. Mar. 30, 2017).

presenting claims in state court, *Grayson* pointedly distinguishes Mississippi from other jurisdictions.

Respondents also invoke the *Brown* R&R to argue that Mr. "Carr may not use this habeas proceeding as a means to re-litigate issues already decided." Opp. at 8. This misunderstands the present Motion, as Mr. Carr does not seek to litigate any issue decided in prior state court proceedings. Instead, with respect to Claim 23, Petitioner seeks a return to state court to present a claim that would be fundamentally altered from the paltry penalty phase *Strickland* claim submitted by his original post-conviction counsel and adjudicated in *Carr v. State*, 873 So.2d 991, 1003, ¶ 29 (Miss. 2004). Mtn. at 8. Mr. Carr's present aim recognizes the longstanding position regarding "new evidence" where "the claims and allegations before the state court were conclusory and undeveloped." *Sells v. Stephens*, 536 Fed.App'x 483 (5th Cir. 2013). Plainly, fundamentally altered claims require exhaustion and will necessitate a stay for a petitioner seeking state remedies and, thereby, to exhaust. *See, e.g.*, *(Xavier) Brown v. Epps*, No. 2:07-cv-49-HTW, ECF No. 55 at 5 (S.D. Miss., Mar. 31, 2017), ECF No. 43 at 7 (Oct. 11, 2016); *Spicer v. Fisher*, No. 1:13-cv-377-LG-JCG, ECF No. 41 at 6-7 (S.D. Miss. Sep. 21, 2016).

Under Respondents' rationale, the handling of this penalty phase claim would see Mr. Carr plead it in this Court in an amended petition based on new evidence—even though such evidence, under *Shinn*, would be precluded from merits consideration—and, thereupon, have Mr. Carr seek the stay he currently requests so that he may then pursue state remedies and, if needed, thereby exhaust the claim for presentation *again* in this Court. Opp. at 9-10. It would be inefficient and time wasting, to say the least, to insist on developing in these proceedings evidence that, since *Shinn*, this Court could not consider on the merits. Petitioner presents the impetus for getting on with state court process now and, in accordance with all prior instances in

this District Court and the Southern District of Mississippi, the Court should permit Mr. Carr that step to pursue his remedy under Mississippi law and process.

Respondents emphasize the numerous scheduling revisions in this case as evidencing delay and Petitioner's intention to "game" the proceeding. Opp. at 14-17. But Respondents fail to acknowledge the profound disruption from the COVID-19 pandemic, which coincided with the initiation of the federal proceedings,[2] and the loss of Mr. Carr's appointed counsel (Ms. Welikson) due to an extended family leave commencing in November 2021 (Doc. #28), that ultimately—and unforeseeably—necessitated her very recent withdrawal from his case (Doc. #42). At bottom, while the numerous scheduling revisions have spanned a significant period, each was ordered upon good cause shown. It would be improper to convert that timeline into a charge of dilatoriness under the unprecedented circumstances of the pandemic and the particular turn of events undermining Mr. Carr's statutory entitlement to counsel under 18 U.S.C. § 3599.

The Opposition requests, in the alternative, that upon entry of a stay, the Court order "reasonable time restrictions in accordance with *Rhines*." Doc. #43 at 17. Petitioner agrees and suggests the following particulars.

## CONCLUSION

Petitioner respectfully repeats his request that this Court enter an order staying these proceedings, holding them in abeyance during the pendency of state court litigation seeking relief from his capital judgment. Further, Petitioner suggests the Court's order contemplate that Mr. Carr's attorneys shall file in state court a motion for appointment of counsel within 30 days

---

[2] As one example of express recognition of the severe and lasting disruption from the pandemic, Mr. Carr quoted from *Chamberlin v. Cain,* No. 2:11-cv-00072-CWR, 2022 WL 216020 (S.D. Miss. June 15, 2022). Mtn. at 6-7. Therein, Judge Reeves noted the apparent lack of *Martinez* investigation (i.e., investigation concerning deficient performance of post-conviction and trial counsel), recognizing that "[m]uch of the reason for the recent delay is the difficulty in conducting an investigation during the pandemic; a situation that has affected almost all of the cases on this Court's docket." 2022 WL 216020, *4.

of entry of the stay and that a motion for leave to proceed in the trial court with a successive petition for post-conviction relief shall be made within 60 days after appointment of counsel. Petitioner also suggests requiring Petitioner to routinely submit status reports to this Court beginning when the motion for leave to proceed in the trial court is filed and continuing every 90 days thereafter until resolution of the state litigation. Furthermore, Petitioner suggests that this Court's order require Mr. Carr to file a notice of his intent to resume this cause by 30 days from the date of entry of the final adjudication in the Mississippi Supreme Court of his successive litigation.

        Respectfully submitted, this the 19th day of September, 2022.

/s/ *Joseph J. Perkovich*
Joseph J. Perkovich
PHILLIPS BLACK, INC.
PO Box 4544
New York, NY 10163-4544
212.400.1660 (tel.)
j.perkovich@phillipsblack.org

/s/ *Christina M. Seanor*
Christina M. Seanor
BRADLEY ARANT BOULT CUMMINGS, LLP
One Jackson Place
188 East Capitol Street, Suite 1000
PO Box 1789
Jackson, MS 39215-1789
601.948.8000 (tel.)
cseanor@bradley.com

*Counsel for Petitioner, Anthony B. Carr*