**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ANTHONY CARR**                                                                                   **PETITIONER**

**V.**                                                                                                                     **NO. 3:19-CV-274-DMB**

**NATHAN CAIN, Mississippi
Corrections Commissioner; and
LYNN FITCH, Attorney General**                                                 **RESPONDENTS**

**OPINION AND ORDER**

Anthony Carr moves to stay and hold in abeyance his petition for a writ of habeas corpus on grounds that his petition contains both exhausted and unexhausted claims. Because one of Carr's claims satisfies the *Rhines* standard but the remaining ones do not, Carr will be allowed the opportunity to pursue relief in state court regarding such claim and this case will be stayed.

**I
Procedural History**

On September 19, 1990, Anthony Carr was convicted by a jury on four counts of capital murder and sentenced to death. *Carr v. State*, 655 So. 2d 824, 832 (Miss. 1995) ("*Carr I*"). Carr appealed but the Mississippi Supreme Court "found no error warranting reversal, either at the guilt phase or the sentencing phase," and affirmed the conviction and death sentence on each of the four counts. *Id.* at 858.

Subsequently, Carr moved for leave to seek post-conviction relief based on prosecutorial misconduct and ineffective assistance of counsel and asserted that he should be resentenced pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002), which prohibited the execution of intellectually disabled individuals under the Eighth Amendment. *Carr v. State*, 873 So. 2d 991, 994 (Miss. 2004) ("*Carr II*"). The Mississippi Supreme Court denied leave for his claims based

on prosecutorial misconduct and ineffective assistance of counsel but granted him "leave to seek post-conviction relief in the trial court on his *Atkins* claim." *Id.* at 1007. The trial court denied Carr's petition for post-conviction relief on his *Atkins* claim and Carr appealed. *Carr v. State*, 196 So. 3d 926, 929 (Miss. 2016) ("*Carr III*"). The Mississippi Supreme Court reversed the decision and remanded to the trial court to make "new factual findings applying the correct legal standard." *Id.* at 944. On remand, the trial court denied Carr's petition under *Atkins* without holding a hearing, and Carr again appealed. *Carr v. State*, 283 So. 3d 18, 20 (Miss. 2019) ("*Carr IV*"). The Mississippi Supreme Court affirmed the trial court. *Id.* at 28.

On September 14, 2020, Carr filed in the United States District Court for the Northern District of Mississippi his initial petition for a writ of habeas corpus, asserting thirty-three grounds for relief. Doc. #12. On August 29, 2022, after multiple extensions of the scheduling order deadlines,[1] Carr filed a "Motion to Stay and Abey Proceedings." Doc. #40. The motion is fully briefed. Docs. # 41, #45, #46.

## II
## Standard

"A federal habeas petition filed by a state prisoner shall not be granted unless the prisoner exhausts available state remedies." *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013). To exhaust a claim, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Federal district courts presented with a petition that includes both exhausted and unexhausted claims have discretion to "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Rhines v. Webster*, 544 U.S. 269, 276 (2005). A stay and abeyance of federal

---

[1] *See* Docs. #19, #21, #23, #25, #28, #32, #34, #36.

habeas proceedings is warranted only when the petitioner demonstrates that (1) he "had good cause for his failure to exhaust;" (2) "his unexhausted claims are potentially meritorious;" and (3) he has not engaged in intentionally dilatory litigation tactics. *Id.* at 278.

### III
### Analysis

Carr seeks a stay and abeyance of this federal habeas proceeding to pursue in state court three unexhausted claims—Claims #2, #4, and #23. Doc. #40. The State opposes the stay, arguing that Carr has exhausted Claim #23 and failed to satisfy the *Rhines* standard for Claims #2 and #4. *See* Doc. #45.

### A. Claim #2

In Claim #2, Carr asserts that his *Atkins* counsel rendered ineffective assistance of counsel with respect to the Mississippi Supreme Court's remand for the trial court to determine his eligibility for the death penalty under *Atkins*. Doc. #12 at 38–40. Specifically, Carr contends that his counsel, attorneys from Mississippi's Office of Capital Post-Conviction Counsel, were deficient on remand in failing to properly prepare and present evidence relevant to his intellectual disability. *Id.* The State concedes that this claim is unexhausted but argues that Carr has failed satisfy the *Rhines* standard. Doc. #45 at 4–5, 11–18.

### 1. Good cause

The State first argues that Carr has failed to establish good cause for his failure to exhaust Claim #2. *Id.* at 5. As to good cause, though his argument lacks clarity, Carr appears to contend that he has not yet exhausted this claim due to ineffective assistance of post-conviction counsel.[2] Doc. #41 at 7–8.

---

[2] This understanding of his arguments is supported by the arguments presented in his previous briefing requesting "the appointment of new counsel to advance his constitutional claims … especially in light of the inherent conflict of interest latent in these proceedings for his state post-conviction counsel." Doc. #2 at 4.

3

The Mississippi Supreme Court recognizes a right to effective post-conviction counsel in death penalty cases. *Grayson v. State*, 118 So. 3d 118, 126 (Miss. 2013). While federal law does not recognize such a right, federal district courts in this state have routinely stayed capital habeas cases so that a petitioner could return to the Mississippi Supreme Court with claims of ineffective assistance of post-conviction counsel. *See, e.g.*, *Ambrose v. Cain*, No. 1:21-CV-302, 2022 WL 3499637 at *2 (S.D. Miss. Aug. 17, 2022). Carr's assertion that post-conviction counsel was ineffective, if true, explains the failure to raise such claim in previous state post-conviction proceedings.

### 2. Potentially meritorious

The State also argues that this claim is not potentially meritorious. Doc. #45 at 11–13. While there exists no clear line as to what claims are or are not potentially meritorious, the Fifth Circuit has found claims to be "plainly meritless" under various circumstances. *See, e.g.*, *Hall v. Thaler*, 504 F. App'x 269, 284 (5th Cir. 2012) (defaulted); *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (same); *see also Young v. Stephens*, 795 F.3d 484, 495 (5th Cir. 2015) (claim attempting to relitigate issues that were already disposed of was plainly meritless because new testimony claim relied on "would be impeached with a decade's worth of contradictory statements"); *Lave v. Dretke*, 444 F.3d 333, 336 (5th Cir. 2006) (claim relying on United States Supreme Court precedent that could not be applied retroactively was plainly meritless). None of these circumstances are present here, and the Court does not otherwise find Carr's claim regarding *Atkins* counsel plainly without merit. More, "it would be inappropriate for this Court to pass on the merits of the claim[] before permitting the state court to do so," particularly because "[f]ederal habeas review of state convictions entails significant costs, and intrudes on state sovereignty to a degree matched by few exercises of federal judicial authority." *Ambrose*, 2022 WL 3499637 at

*3 (cleaned up) (citing *Davila v. Davis*, 137 S. Ct. 2058, 2070 (2017), and *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). "The exhaustion requirement of § 2254(c) is designed to further the principles of comity, finality and federalism by requiring habeas petitioners to first present their claims in state court, in order to give those courts the opportunity of first review." *Id.* (internal quotation marks omitted) (citing *Duncan v. Walker*, 533 U.S. 167, 178 (2001)). Allowing Carr to first pursue this claim in state court would further these principles.

### 3. Dilatory tactics

Lastly, the State argues Carr has engaged in dilatory litigation tactics, emphasizing that Carr waited nearly two years after filing his initial federal habeas petition before filing this *Rhines* motion. Doc. #45 at 14–17. The State also takes issue with the multiple extensions of time requested by Carr and granted by the Court. *Id.* But because the State acquiesced to each extension of time, choosing not to oppose any such request,[3] and the Court will not prejudice Carr simply because his motions for extensions were unopposed and granted, the Court finds no support for the contention that Carr engaged in dilatory tactics in pursuing this claim.

### 4. Summary

The Court concludes Carr has satisfied his burden to demonstrate good cause for failure to exhaust Claim #2 due to alleged ineffective assistance of post-conviction counsel; that his claim for ineffective assistance of *Atkins* counsel is potentially meritorious; and that he has not engaged in dilatory litigation tactics. As to Claim #2 then, a stay and abeyance should be granted.

### B. Claim #4

In Claim #4, Carr claims he is factually innocent of the capital conviction. Doc. #12 at 44. Carr's argument in this regard is somewhat confusing. Some language in this claim indicates Carr

---

[3] *See* Doc. #45 at 14 n.2 ("As a professional courtesy the State did not object to any of these requested extensions.").

challenges the sufficiency of the evidence while it also seems Carr asserts an actual innocence claim. *Id.* at 44–45; Doc. #41 at 8. Ultimately, it does not matter which claim is asserted because neither is potentially meritorious.

If Carr challenges the sufficiency of the evidence, the claim would be barred in state court because it was presented and rejected by the Mississippi Supreme Court on direct appeal and then raised and rejected again—with respect to one victim—during post-conviction review. *See Carr I* at 837-39; *Carr II* at 1005. Claims already litigated and disposed of in state court proceedings are deemed "plainly meritless" by the Fifth Circuit. *Young*, 795 F.3d at 495. To the extent Carr challenges the sufficiency of the evidence, he has not shown this claim is potentially meritorious.

If instead Carr asserts an actual innocence claim, it too is plainly meritless because neither the Fifth Circuit nor Mississippi recognizes freestanding claims for actual innocence. *See Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006) ("[A]ctual innocence is *not* an independently cognizable federal habeas claim."); *see also Pipkin v. State*, __ So. 3d __, 2022 WL 1637178 at *4 (Miss. Ct. App. 2022) (claims of "actual innocence" are raised to overcome a procedural bar and are contingent upon, and related to, an additional constitutional claim, not a claim on its own); *Henderson v. State*, 170 So.3d 547, 554 (Miss. Ct. App. 2014) (recognizing the "actual innocence exception to the procedural bars to obtaining post-conviction relief"). Such claims are merely "a gateway to consideration of claims of constitutional error that otherwise would be barred from review." *United States v. Scruggs*, 691 F.3d 660, 671 (5th Cir. 2012). Carr does *not* assert Claim #4 as a basis to overcome a procedural bar for a separate constitutional claim but instead presents it as a standalone claim.

For these reasons, the Court concludes Claim #4 is plainly without merit, whether construed as one of sufficiency of the evidence or actual innocence. Because Carr has failed to

show this claim is potentially meritorious, he cannot satisfy the *Rhines* standard and a stay and abeyance as to this claim is inappropriate.

### C. Claim #23

In Claim #23, Carr argues that his trial counsel rendered ineffective assistance of counsel in failing to adequately prepare and present mitigation evidence during the penalty phase. Doc. #12 at 101–04. Carr concedes that he raised this claim on post-conviction review yet opines that the claim remains unexhausted because post-conviction counsel's presentation of the claim was insufficient. Doc. #41 at 8–9. According to Carr, if he presented this claim in state court again, the "evidence to be presented … will not merely supplement the original penalty phase ineffectiveness claim" but "will fundamentally alter the former claim … rendering it unexhausted." *Id.* at 10 (internal quotation marks omitted). The State submits that this claim has been properly exhausted as it was "fairly and adequately presented to the Mississippi Supreme Court" and consequently, such a claim would be procedurally barred as successive under Mississippi law. Doc. #45 at 13–14.

The Court agrees with the State. It cannot be disputed that Carr's claim of ineffective assistance of counsel during the penalty phase was raised and rejected by the Mississippi Supreme Court. *See Carr II* at 1003-04. Contrary to his assertion, the Court does not find this claim to be so fundamentally altered such that it is unexhausted. While Carr is now dissatisfied with post-conviction counsel's representation on this and other matters, that dissatisfaction does not render an exhausted claim now unexhausted. So the Court concludes Claim #23 to be plainly meritless because it has been raised and rejected by the Mississippi Supreme Court and, as a result, would be deemed procedurally barred as successive. *See* Miss. Code Ann. § 99-39-27(9); *see also Young*,

795 F.3d at 495. Carr has thus failed to show this claim would be potentially meritorious and in turn failed to satisfy the *Rhines* standard. A stay and abeyance as to Claim #23 is unwarranted.

## IV
## Conclusion

Carr's "Motion to Stay and Abey Proceedings" [40] is **GRANTED in Part and DENIED in Part**. It is GRANTED as to Claim #2 and DENIED in all other respects. This case is **STAYED** to allow Carr the opportunity to pursue relief in state court as to Claim #2. In pursuing such state court relief, Carr's counsel in this federal habeas case must file in state court a motion for appointment of counsel within thirty (30) days from the entry of this order and, within sixty (60) days after appointment of counsel, must file a motion for leave to proceed in the trial court with a successive petition for post-conviction relief. Carr must submit regular status reports beginning when the motion for leave to proceed in the trial court is filed and continuing every ninety (90) days thereafter until resolution of the state court litigation. Carr further must file a motion to lift the stay in this federal case within thirty (30) days of the resolution of the state court proceedings.

**SO ORDERED**, this 6th day of December, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

8