IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANTHONY CARR                                                                                    *PETITIONER*

VS.                                          CIVIL ACTION NO. 3:19-CV-274-DMB

NATHAN CAIN, Mississippi Corrections Commissioner;
LYNN FITCH, Mississippi Attorney General        *RESPONDENTS*

**RESPONDENT'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF OPINION AND ORDER GRANTING MOTION TO STAY AND ABEY PROCEEDINGS IN PART AND DENYING IN PART (Doc. 47).**

Respondents, Mississippi Corrections Commissioner and Mississippi Attorney General, move this Court to reconsider its December 6, 2022 Order granting in part and denying in part petitioner Anthony Carr's Motion to Stay and Abey Proceedings. (Doc. 47).

I.

Early this year, Carr moved the Court to stay these proceedings and asked that his Petition for Writ of Habeas Corpus be held in abeyance so that he can raise a claim of ineffective assistance of post-conviction counsel (PCR IAC) under state law in state court. Respondents opposed his request. And over that opposition, the Court granted Carr's Motion and stayed these proceedings until the final disposition of his PCR IAC claim.

1

Respondents move the Court to reconsider its December 6, 2022 Order, this Court should vacate its judgment, lift the stay in these proceedings, and return this case to the active case docket without further delay. The Court should do so for the reasons discussed below.

II.

The PCR ineffective assistance of counsel claim under ground two of Carr's petition is not a cognizable federal habeas claim for relief and cannot be a basis for a *Rhines* stay. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires state prisoners to totally exhaust their available state-court remedies for resolving federal constitutional claims before presenting those claims in federal court. *See Rhines v. Weber*, 544 U.S. 269, 273 (2005). Binding precedent recognizes that district courts have the inherent authority to employ stay-and-abeyance procedures in limited circumstances when necessary to protect state prisoners from effectively waiving review of unexhausted claims for habeas relief. *See id.* at 276. That said, PCR IAC is not a cognizable claim for federal habeas relief, according to Congress and the United States Supreme Court. *Martinez v. Ryan*, 566 U.S. 1, 17 (2012) (quoting 28 U.S.C. § 2254(i)) (holding Section 2254(i) states: "The incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2253).

Under AEDPA, federal habeas relief may be granted only for violations of the United States Constitution, federal law, or the treaties of the United States. *See* 28 U.S.C. § 2254(a). But a claim of PCR IAC challenges the fairness of a prisoner's state-court collateral review proceedings, not the constitutionality of his detention. *See Tercero v. Stephens*, 738 F.3d 141, 147 (5th Cir. 2013) (recognizing as "axiomatic" that errors in state PCR proceedings "do not constitute grounds for federal habeas relief"). State prisoners cannot exhaust and preserve claims that are not cognizable claims for federal habeas relief. And federal courts abuse their discretion and defeat AEDPA's primary purposes of reducing undue delay and promoting comity by employing stay-and-abeyance procedures for non-cognizable claims like PCR IAC claims. *Rhines*, 544 U.S. at 277.

Carr sought a stay of these habeas proceedings under *Rhines* so that he could exhaust allegedly unexhausted claims and comply with AEDPA's total exhaustion requirement. (Doc. 40). Carr sought a *Rhines* stay to exhaust three specific claims. This Court denied Carr's request for a *Rhines* stay as to two of his three claims, finding he did not satisfy the *Rhines* criteria. But this Court granted Carr's request in part, finding that Carr satisfied the *Rhines* criteria for claim two. (Doc. 47). Carr described his second claim as follows:

> "Claim No. 2, regarding violation of the Sixth, Eighth, and Fourteenth Amendments by the ineffective assistance of counsel

3

in litigating Mr. Carr's intellectual disability disorder and his resulting exemption from capital punishment," (Doc. 40 at 2).

Carr therefore sought a *Rhines* stay for a claim that is not a cognizable federal habeas claim. He gave this Court no reason to employ stay-and-abeyance procedures in these proceedings.

Longstanding precedent explicitly states that there is no constitutional right to counsel in discretionary collateral review proceedings like state post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). In granting Carr's Motion and staying these proceedings, the Court candidly expressed some confusion about the nature of Carr's PCR IAC claim and rightfully so. Carr styled claim two as a "violation of the Sixth, Eighth, and Fourteenth Amendments," even though binding precedent removes all doubt that such a right does not exist. *See id.*

Besides this, the Court should grant this Motion and return this case to the active docket because the Mississippi Supreme Court's holding in *Grayson v. State*, 118 So. 3d 11 (2013), is a matter of state law that does not create a state-court remedy for exhausting claims for section 2254 relief. *Grayson* holds that state PCR petitioners under sentence of death are entitled to effective assistance of PCR counsel in their initial PCR proceedings. *Id.* at 126. Under *Grayson*, the Mississippi Supreme Court may excuse procedural defaults that bar claims for state habeas relief if a death-row petitioner proved their initial

4

PCR counsel's ineffectiveness caused the procedural default. *Id.* So *Grayson* provides only an avenue to avoid what would otherwise be a fatal procedural flaw under state law. When *Grayson* applies, it only ensures a litigant will be allowed to present a claim or claims that otherwise would not have been allowed due to procedural default. *See e.g., Moffet v. State*, No. 2018-DR-00278-SCT, 2022 WL 7284833, at *4 (Miss. Oct. 13, 2022).[1] *Grayson* does not and cannot create a federal right to counsel in discretionary collateral review proceedings. *Grayson* does not and cannot give state PCR petitioners an additional state-court remedy for resolving their federal constitutional claims.

Employing stay-and-abeyance procedures in this case stretches *Rhines'* holding too far given that Carr's PCR IAC claim cannot be "exhausted" in state court, since is not a cognizable federal habeas claim, and it serves only as a possible excuse for procedural default under state law.

### III.

Respondents request this Court reconsider its December 6, 2022 Order, vacate the judgment supporting it, lift the stay of these proceedings, and return this case to the active docket without delay, because PCR IAC is not a claim for relief and does not create any state-court remedy for litigating federal

---

[1] Further, IAC PCR claims only excuse procedural default of state habeas claims where the petitioner can prove that "his first PCR was a sham, denying him the opportunity to present a meritorious PCR. *Id.* Carr's first PCR was not a sham, and he cannot hope to meet his burden to prove otherwise where PCR counsel successfully secured leave to pursue his *Atkins* claim in the trial court, which subsequently held a full evidentiary hearing on the issue of Carr's *Atkins* claim.

constitutional claims. Respondents respectfully ask this Court to enter a new order denying Carr's *Rhines* motion in totality.

Respectfully submitted, this the 14th day of December 2022.

> BURL CAIN, Commissioner, Mississippi Department of Corrections;
> LYNN FITCH, Attorney General of the State of Mississippi
>
> By:*/s/ Parker Proctor Jr.*
> PARKER PROCTOR JR. (MSB#105091)
> Special Assistant Attorney General
> P.O. Box 220
> Jackson, Mississippi 39205-0220
> Telephone: (601) 359-3747
> Email: Parker.Proctor@ago.ms.gov
>
> *Counsel for Respondents*

## CERTIFICATE OF SERVICE

I, Parker Proctor Jr., certify that I have electronically filed this document with the Clerk of the Court using the ECF system, which sent notification to all counsel of record, and mailed, via U.S. Mail, postage pre-paid to the following:

Joseph J. Perkovich
PHILLIPS BLACK, INC
P.O. Box 4544
New York, NY 10163-4544

Christina M. Seanor
BRADLEY ARANT BOULT CUMMINGS, LLP
One Jackson Place
188 E. Capitol Street, Suite 1000
Jackson, MS 39215-1789

THIS, the 14th day of December, 2022.

LYNN FITCH
Attorney General of Mississippi

/s/ *Parker Proctor Jr.*
Parker Proctor Jr.
*Counsel for Respondent*