UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | | |
|---|---|---|
| ANTHONY B. CARR, | : | |
|  Petitioner, | : | |
| | : | |
| v. | : | No. 3:19-CV-274-DMB |
| | : | |
| NATHAN CAIN, Mississippi Corrections | : | CAPITAL HABEAS CORPUS |
| Commissioner, and LYNN FITCH, | : | |
| Attorney General, | : | |
|  Respondent. | : | |
| _____ | : | |

**MEMORANDUM BRIEF IN OPPOSITION TO RESPONDENTS'
MOTION FOR RECONSIDERATION OF ORDER
PARTIALLY GRANTING MOTION TO STAY PROCEEDINGS**

Respondents urge this Court, repeatedly, to reconsider its December 6, 2022 Order (Doc. #47). Docs. #48, #49, #50. Respondents reverse the position taken in their opposition to Petitioner's underlying motion pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) (Doc. #41, the "*Rhines* Motion"), belatedly presenting an argument that they failed to submit to this Court at the required time. Further, Respondents' new legal orientation continues to misapprehend the law, misstating in a different, yet still erroneous, way the nature of the claim for which this Court properly entered a stay.

**ARGUMENT**

Those seeking reconsideration face a "high burden imposed . . . to discourage litigants from making repetitive arguments on issues that have already been considered by the court, to ensure finality, and to prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." *United States v. Roy*, No. 3:16-CR-110-MPM, slip op., 2022 WL 4487994, at *2 (N.D. Miss. Sep. 27, 2022) (quoting *United States v. Pressley*, No. 5:12-cr-2, 2013 WL 1980388, at *2 (S.D. Miss. May 13, 2013). Plainly, a

1

motion for reconsideration "should not be used to relitigate matters that should have been argued earlier, or that simply were not resolved to the movant's satisfaction." *Prewitt v. Mississippi State University*, No. 1:06-CV-338-LG-DAS, 2012 WL 5207887, *1 (N.D. Miss. Oct. 22, 2012) (citing *Mongrue v. Monsanto Co.*, 249 F.3d 422, 427 (5th Cir. 2001); *Simon v. United State*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Further, reconsideration "cannot be used to argue a case under a new legal theory." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (motion under Fed. R. Civ. P. 59(e) to reconsider question of law).

Respondents now seek reconsideration not in reaction to an intervening authority or for any other cognizable reason that might bear upon the Court's recent decision granting, in part, Petitioner's request to stay these proceedings pursuant to *Rhines*. Rather, Respondents have just recast their argument, a maneuver not countenanced under the foregoing authorities. Compounding this abuse, Respondents, despite their new theory, continue to misunderstand the relevant authorities. The Court should dismiss their motion.

***

In 1990, Mr. Carr was convicted and sentenced to death in the Alcorn County Circuit Court. *Carr v. State*, 655 S.2d 825, 828 (Miss. 1995). On direct review in 1995, the Mississippi Supreme Court addressed, inter alia, Mr. Carr's point on appeal that capital punishment "is disproportionate in this case where the defendant has a long history of mental problems and retardation, the jury did not find that he killed or attempt to kill, and his involvement was minor compared to the codefendant." *Id.* at 857. In denying this claim, the state high court noted a "Dr. Kallman testified that Car had a verbal IQ of 72 and a performance IQ of 63, giving him an overall IQ of 67. This score placed Carr in the mild range of mental retardation." *Id.* at 857 n.8. Seven years after that finding, the Supreme Court decided *Atkins v. Virginia*, 536 U.S. 304

(2002), which established the ineligibility from capital punishment of the intellectually disabled (then referred to as "mentally retarded"). Amid Mr. Carr's state post-conviction litigation, and at the earliest practicable time, his appointed counsel, attorneys from the newly formed state post-conviction office, raised the *Atkins* Eighth Amendment prohibition. *Carr v. State*, 873 So.2d 991, 1006 (Miss. 2004). The question presently before this Court concerns the ensuing litigation emanating from the new Eighth Amendment law. Namely, the claim here regards the entitlement of effective counsel in first litigating the prohibition against the death penalty for the intellectually disabled.

Mr. Carr's underlying *Rhines* Motion explained that, "While state counsel presented this *Atkins* claim in an application for post-conviction relief, the claim itself is not a post-conviction challenge to the trial record, rather it is an application of Supreme Court authority establishing that the Eighth Amendment proscribes the intellectually disabled from eligibility for capital punishment." Doc. #41 at 7. As the *Rhines* Motion further noted, the merits adjudication of the *Atkins* question did not conclude in state court until 2019, whereafter "Mr. Carr timely filed his present federal habeas corpus petition raising the deficient performance of counsel in developing and presenting his intellectual disability in the trial court. The adequacy of that representation, in the end, thus has never been presented in the state court." *Id.* at 7-8.

Petitioner has never characterized the claim in question as a matter of the ineffectiveness of *post-conviction counsel*. Rather, this claim concerns the ineffectiveness of the counsel first able to litigate his Eighth Amendment claim under *Atkins*—his "*Atkins* counsel," as this Court has styled it. Doc. #47 at 3, 4, and 5. While the attorneys who litigated *Atkins* in state court were state post-conviction office employees, their litigation of *Atkins* sought to vindicate the Eighth Amendment prohibition itself and in no way advanced, in substance, any kind of post-conviction

3

claim relating to *Atkins* or its progeny. Further, the single circuit court of appeals to address the entitlement to *Atkins* counsel "concluded that defendants in *Atkins* proceedings have the right to effective counsel secured by the Sixth and Fourteenth Amendments." *Hooks v. Workman*, 689 F.3d 1148, 1184 (10th Cir. 2012) (finding that this "right to counsel flows directly from, and is a *necessary* corollary to, the clearly established law of *Atkins* (emphasis in original)).[1]

Perplexingly, Respondents initially opposed this *Atkins* counsel ineffectiveness claim in the *Rhines* Motion by erroneously asserting that a federal petitioner can "prevail on a claim of effective assistance of PCR counsel," but he "must navigate the familiar standard in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)." Doc. #43 at 11. Respondents further argued that Mr. Carr was simply unable to establish the deficient performance of his counsel and any resulting prejudice. *Id.* However, Mr. Carr never asserted that the ineffective assistance of state post-conviction counsel—whether governed by *Strickland* or otherwise—may supply grounds for relief in federal habeas corpus.[2]

In the reconsideration motion at bar, Respondents now insist that "PCR ineffective assistance of counsel . . . is not a cognizable federal habeas claim for relief and cannot be a basis for a *Rhines* stay." Doc. #50 at 2. Petitioner certainly continues to recognize that legal premise. Respondents seek to bolster their new-found view by submitting a recent Southern District of Mississippi opinion recognizing the truism that "there is no constitutional right to effective post-conviction counsel." Doc. #49-1 at 29 (*Keller v. Cain*, No. 1:21-cv-134-KHJ, Doc. 39 (citing *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991),

---

[1] In *Workman*, the Tenth Circuit held in abeyance petitioner's appeal from the denial of his first federal habeas corpus petition concerning his 1989 capital conviction in order to permit Workman's filing of a successive federal petition to present his claims regarding *Atkins*, including that his counsel for his "*Atkins* trial" conducted pursuant to a remand of the Oklahoma Court of Criminal Appeals, were ineffective. *Id.* at 1161-62.
[2] In contrast, the Mississippi Supreme Court has expressly provided that *Strickland* governs the question of whether a capital prisoner received ineffective counsel in state post-conviction. *Grayson v. State*, 118 So.3d 118 (Miss. 2013) (holding that capital petitioners are entitled to the effective assistance of state post-conviction counsel).

disposing of claim of post-conviction counsel ineffectiveness for failing to raise trial court's admission of a recorded statement elicited when the petitioner was in an ICU)).

But under the foregoing law, Respondents are not free to espouse this 180-degree turn in their reconsideration motion. And while Respondents have confused the nature of Petitioner's claim at bar, Petitioner has remained clear throughout this motion practice that the deficient performance of post-conviction counsel cannot supply grounds for relief in federal habeas corpus.

At bottom, this Court correctly analyzed the *Rhines* requirement that the claim in question must be "potentially meritorious," 544 U.S. at 278, and this Court correctly ruled that none of the circumstances wherein the Fifth Circuit has found claims to be "plainly meritless" are present with respect to Mr. Carr's claim. Doc. #47 at 4 (citing *Hall v. Thaler*, 504 F. App'x 269, 284 (5th Cir. 2012); *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005); *Young v. Stephens*, 795 F.3d 484, 495 (5th Cir. 2015); *Lave v. Dretke*, 444 F.3d 333, 336 (5th Cir. 2006)). Further, the Court was correct in "not otherwise find[ing] Carr's claim regarding *Atkins* counsel plainly without merit." Doc. #47 at 4. Respondents have shared nothing to undermine the confidence the Court should have in this analysis.

***

For the foregoing reason, the Court should dismiss Respondents' motion.

Respectfully submitted, this the 29th day of December, 2022.

/s/ *Joseph J. Perkovich*
Joseph J. Perkovich
PHILLIPS BLACK, INC.
PO Box 4544
New York, NY 10163-4544
212.400.1660 (tel.)
j.perkovich@phillipsblack.org

5

/s/ *Christina M. Seanor*
Christina M. Seanor
BRADLEY ARANT BOULT CUMMINGS, LLP
One Jackson Place
188 East Capitol Street, Suite 1000
PO Box 1789
Jackson, MS 39215-1789
601.948.8000 (tel.)
cseanor@bradley.com

*Counsel for Petitioner, Anthony B. Carr*