## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

ANTHONY CARR                                                    *PETITIONER*

VS.                                   CIVIL ACTION NO. 3:19-CV-274-DMB

NATHAN CAIN, Mississippi Corrections Commissioner;
LYNN FITCH, Mississippi Attorney General            *RESPONDENTS*

## RESPONDENT'S REPLY IN SUPPORT
## OF MOTION FOR RECONSIDERATION (Doc. 48).

Respondents, Mississippi Corrections Commissioner and Mississippi Attorney General, submit the following reply in support of their Motion for Reconsideration (Doc. 48):

This Court's December 16, 2022 Order stayed this action so that Anthony Carr could return to state court and pursue total exhaustion of his claim "that his *Atkins* counsel rendered ineffective assistance of counsel with respect to the Mississippi Supreme Court's remand for the trial court to determine his eligibility for the death penalty under *Atkins*." (Doc. 47 at 3).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides state and federal prisoners an opportunity to correct wrongs of constitutional significance effecting their convictions. AEDPA does not offer an avenue for state law error correction and instead aims to guard against

extreme malfunctions in state criminal justice systems. *Harrington v. Richter*, 562 U.S. 86, 102, (2011).

As referenced previously, *Martinez v. Ryan*, 566 U.S. 1, 17 (2012), commands "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief." But Carr would have this Court believe his *Atkins* counsel escapes this command, even though the *Atkins* counsel in question represented Carr *after* his conviction was valid and final. "In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation between the parties on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined.'" *Berman v. United States*, 302 U.S. 211, 212–13, (1937). Under this approach, Carr's conviction was finalized September 19, 1990, when the jury found him guilty and lawfully sentenced him. (Final Judgment and Sentence, *State v. Carr*, Case No. 11, 755 (Sept. 19, 1990)). Even if Carr's conviction was not finalized until the Mississippi Supreme Court denied his direct appeal, Carr's conviction was still final and complete when the Mississippi Supreme Court affirmed his conviction on February 2, 1995. *Carr v. State*, 655 So. 2d 824 (Miss. 1995). Even this later date occurred approximately seven years prior to the *Atkins* decision being handed down.

The natural connection to space and time leads any rational person to conclude that any event that took place after the moment Carr was convicted must have taken place after his conviction and accordingly be "post-conviction." Carr's counsel must be considered post-conviction counsel—whether they were litigating an *Atkins* claim or any other claim—because they were presenting him *after* his conviction was complete. That Carr has not presented this claim to the Mississippi Supreme Court offers him no relief, because the claim itself is fundamentally non-cognizable. *See Martinez*, 566 U.S. at 17.

Carr never had a federally guaranteed right to effective representation once his conviction became complete. *See id*. Reframing or renaming his appellate counsel does not change this analysis. Because no federal right to effective post-conviction counsel exists, Carr's claim that post-conviction appellate counsel was ineffective, whether that be *Atkins* counsel or counsel given any other name after the final order of conviction was entered, cannot be a cognizable claim for relief in this federal habeas proceeding.

For these reasons, those stated in the State's Motion for Reconsideration (Doc. 48), and for any apparent to this Court, Respondents respectfully ask that the Court reconsider its Order Granting in Part and Denying in Part (Doc. 47) and instead deny Carr's Motion to Stay and Abey Proceedings (Doc. 40) in totality.

3

Respectfully submitted, this the 4th day of January 2023.

> **BURL CAIN, Commissioner, Mississippi Department of Corrections; LYNN FITCH, Attorney General of the State of Mississippi**
>
> By:/s/ *Parker Proctor Jr.*
> PARKER PROCTOR JR. (MSB#105091)
> Special Assistant Attorney General
> P.O. Box 220
> Jackson, Mississippi 39205-0220
> Telephone: (601) 359-3747
> Email: Parker.Proctor@ago.ms.gov
>
> *Counsel for Respondents*

4

## CERTIFICATE OF SERVICE

I, Parker Proctor Jr., certify that I have electronically filed this document with the Clerk of the Court using the ECF system, which sent notification to all counsel of record, and mailed, via U.S. Mail, postage pre-paid to the following:

Joseph J. Perkovich
PHILLIPS BLACK, INC
P.O. Box 4544
New York, NY 10163-4544

Christina M. Seanor
BRADLEY ARANT BOULT CUMMINGS, LLP
One Jackson Place
188 E. Capitol Street, Suite 1000
Jackson, MS 39215-1789

THIS, the 4th day of January, 2023.

LYNN FITCH
Attorney General of Mississippi

/s/ *Parker Proctor Jr.*
Parker Proctor Jr.
*Counsel for Respondent*