# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**ANTHONY CARR**                                                               **PETITIONER**

**V.**                                                    **NO. 3:19-CV-274-DMB**

**NATHAN CAIN, Mississippi Corrections Commissioner; and LYNN FITCH, Attorney General**       **RESPONDENTS**

## ORDER

On December 6, 2022, the Court granted in part Anthony Carr's "Motion to Stay and Abey Proceedings"[1] to allow Carr the opportunity to pursue relief in state court on an unexhausted claim in his petition for a writ of habeas corpus. Doc. #47. The December 6 "Opinion and Order" required Carr's counsel to "file in state court a motion for appointment of counsel within thirty (30) days." *Id.* at 8.

On December 14, 2022, the respondents filed a "Motion for Reconsideration" requesting that the Court "enter a new order lifting the stay and denying Carr's Motion to Stay and Abey these proceedings in totality." Doc. #48.[2] Carr responded in opposition to the motion for reconsideration on December 28, 2022. Doc. #51.[3]

On December 30, 2022, Carr filed a "Motion for Partial Stay of Opinion and Order [Doc. #47]" seeking (1) "a partial stay of the [December 6] Opinion and Order with respect to its

---

[1] Doc. #40.

[2] The respondents initially filed their supporting memorandum as an exhibit to the motion in violation of Local Rule 7(b)(2). *See* Doc. #48-1. After the Clerk of Court instructed them to file the brief as a separate docket entry, they did so. *See* Doc. #50.

[3] In violation of Local Rule 7(b)(2)(B), Carr's response included argument and authorities and was not accompanied by a separate memorandum brief. *See* Doc. #51. At the Clerk of Court's instructions, Carr refiled his response and a separate memorandum brief the next day. Docs. #52, #53.

requirement that [his] federal counsel move for appointment in state court by January 5, 2023;" and (2) that "from the date of any order denying Respondents' reconsideration motion … [his] federal counsel be permitted an additional twenty-two (22) days to move for appointment in state court." Doc. #54. at 2. As cause, Carr cites the "pendency of Respondents' request for the overruling of the [December 6] Opinion and Order." *Id.* Through an e-mail to the Court from his counsel, Carr represents that his motion for partial stay is unopposed.

Upon consideration, Carr's motion for partial stay [54] is **GRANTED**. Should the Court deny the respondents' pending motion for reconsideration, Carr's federal counsel must move for appointment in state court within twenty-two (22) days of the entry of the order denying reconsideration.

**SO ORDERED**, this 6th day of January, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**