**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ANTHONY CARR**                                                                     **PETITIONER**

**V.**                      **NO. 3:19-CV-274-DMB**

**NATHAN CAIN, Mississippi
Corrections Commissioner; and
LYNN FITCH, Attorney General**                                **RESPONDENTS**

**OPINION AND ORDER**

On December 6, 2022, the Court granted in part Anthony Carr's motion to stay and abey proceedings on his federal habeas petition to allow Carr the opportunity to pursue relief in state court on his unexhausted claim of ineffective assistance of post-conviction counsel. The respondents have moved for reconsideration of that ruling. Because the December 6 ruling contains no error of law or fact and because there has been no intervening change in the relevant law, reconsideration will be denied.

**I
Procedural History**

On September 19, 1990, Anthony Carr was convicted by a jury on four counts of capital murder and sentenced to death. *Carr v. State*, 655 So. 2d 824, 832 (Miss. 1995) ("*Carr I*"). Carr appealed but the Mississippi Supreme Court "found no error warranting reversal, either at the guilt phase or the sentencing phase," and affirmed the conviction and death sentence on each of the four counts. *Id.* at 858.

Subsequently, Carr moved for leave to seek post-conviction relief based on prosecutorial misconduct and ineffective assistance of counsel, and asserted he should be resentenced pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002), which prohibited the execution of intellectually disabled

individuals under the Eighth Amendment. *Carr v. State*, 873 So. 2d 991, 994 (Miss. 2004) ("*Carr II*"). The Mississippi Supreme Court denied leave for his claims based on prosecutorial misconduct and ineffective assistance of counsel but granted him "leave to seek post-conviction relief in the trial court on his *Atkins* claim." *Id.* at 1007.

The trial court denied Carr's petition for post-conviction relief on his *Atkins* claim and Carr appealed. *Carr v. State*, 196 So. 3d 926, 929 (Miss. 2016) ("*Carr III*"). The Mississippi Supreme Court reversed the decision and remanded to the trial court to make "new factual findings applying the correct legal standard." *Id.* at 944. On remand, the trial court denied Carr's petition under *Atkins* without holding a hearing, and Carr again appealed. *Carr v. State*, 283 So. 3d 18, 20 (Miss. 2019) ("*Carr IV*"). The Mississippi Supreme Court affirmed the trial court. *Id.* at 28.

On September 14, 2020, Carr filed in the United States District Court for the Northern District of Mississippi his initial petition for a writ of habeas corpus, asserting thirty-three grounds for relief. Doc. #12. On August 29, 2022, after multiple extensions of the scheduling order deadlines,[1] Carr filed a "Motion to Stay and Abey Proceedings" to pursue relief in state court for three unexhausted claims. Doc. #40. On December 6, 2022, this Court granted the motion in part as to Carr's Claim #2—an unexhausted claim for ineffective assistance of post-conviction counsel[2]—and stayed the case. Doc. #47.

Eight days later, on December 14, 2022, the respondents filed "Respondent's [sic] Motion for Reconsideration of Order Granting Motion to Stay in Part and Denying Motion to Stay in Part

---

[1] *See* Docs. #19, #21, #23, #25, #28, #32, #34, #36.

[2] In Claim #2, Carr asserts that his *Atkins* counsel rendered ineffective assistance of counsel with respect to the Mississippi Supreme Court's remand for the trial court to determine his eligibility for the death penalty under *Atkins*. *See* Doc. # 12 at 38–40. While a bit confusing, Carr's state post-conviction counsel, from the Office of Capital Post-Conviction Counsel, also acted as his *Atkins* counsel on remand. *See Carr II*, 873 So. 2d, at 991; *Carr III*, 196 So. 3d at 929; and *Carr IV*, 283 So.3d at 19. However, the *Atkins* counsel role was separate and apart from the role as counsel on post-conviction review.

2

(Doc. 47)." Doc. #48. The motion is fully briefed. Docs. #50,[3] #53,[4] #55. During the briefing period, Carr moved for a partial stay of the December 6 order—specifically, with respect to its requirement that his federal counsel move for appointment in state court by January 5, 2023—pending a ruling on the motion for reconsideration. Doc. #54. The Court granted the motion for partial stay without opposition on January 6, 2023, specifying that "[s]hould [it] deny the respondents' pending motion for reconsideration, Carr's federal counsel must move for appointment in state court within twenty-two (22) days of the entry of the order denying reconsideration." Doc. #56.

## II
## Standard

Generally, requests for reconsideration of an interlocutory order, such as the one at issue here, are properly treated as motions for reconsideration under Federal Rule of Civil Procedure 54(b). *See Helena Lab'ys Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 538 n.1 (E.D. Tex. 2007) ("Alpha's motion was improperly filed under [Rule] 59(e) because no final judgment has been entered. However, it is undisputed that the court has discretion to treat the motion as one for reconsideration under [Rule] 54(b).").

> Although the source of the court's authority to revise or amend an order or judgment is different for interlocutory orders than for final orders or judgments, many of the same policy considerations apply both to motions for reconsideration under Rule 54(b) and to motions for reconsideration under Rule 59(e). Accordingly, district courts … frequently apply the same standards to the two.

*eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012)

---

[3] In violation of Local Rule 7(b)(2), the respondents initially attached their supporting memorandum to their motion as an exhibit, *see* Doc. #48-1, but at the Clerk of Court's instruction, filed the memorandum as a separate docket entry two days later, *see* Doc. #50.

[4] Also in violation of the same local rule, Carr initially filed his response and supporting memorandum as a single docket entry, *see* Doc. #51, but refiled it separately the next day pursuant to the Clerk of Court's instructions, *see* Doc. #52.

3

(collecting cases).

Under Fifth Circuit jurisprudence:

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (cleaned up). "A motion to alter or amend the judgment under Rule 59(e) … cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Id.*

### III
### Analysis

In seeking reconsideration of the stay allowing Carr to pursue in state court his unexhausted claim of ineffective assistance of post-conviction counsel, the respondents argue that such "is not a cognizable federal habeas claim for relief and cannot be a basis for a *Rhines* stay." Doc. #50 at 2 (citing *Rhines v. Weber*, 544 U.S. 269, 273 (2005)). Carr responds that he "never asserted that the ineffective assistance of state post-conviction counsel … may supply grounds for relief in federal habeas corpus." Doc. #53 at 4. Rather, *Rhines* requires "that the claim in question must be 'potentially meritorious'" and that in the December 6 ruling, the "Court was correct in 'not otherwise finding [his] claim regarding *Atkins* counsel plainly without merit.'" *Id.* at 5 (alterations omitted).

"A federal habeas petition filed by a state prisoner shall not be granted unless the prisoner exhausts available state remedies." *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013). To

exhaust a claim, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Federal district courts have the discretion to stay and abey habeas corpus petitions that include both unexhausted and exhausted state law claims "while the petitioner returns to state court to exhaust his previously unexhausted claims." *Rhines*, 544 U.S. at 275. A *Rhines* stay requires a petitioner to demonstrate (1) "good cause for his failure to exhaust;" (2) that "his unexhausted claims are potentially meritorious;" and (3) that he has not "engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Mississippi Supreme Court recognizes a right to effective post-conviction counsel in death penalty cases. *Grayson v. State*, 118 So. 3d 118, 126 (Miss. 2013). While federal law does not recognize such a right, federal district courts in this state have routinely stayed capital habeas cases so that a petitioner could return to the Mississippi Supreme Court with claims of ineffective assistance of post-conviction counsel.[5] *See, e.g.*, *Ambrose v. Cain*, No. 1:21-cv-302, 2022 WL 3499637 at *2 (S.D. Miss. Aug. 17, 2022).

The respondents' argument that ineffective assistance of post-conviction counsel is not grounds for a federal habeas petition is improperly raised in the motion for reconsideration since they did not advance such argument in first opposing Carr's motion to stay. *See Schiller*, 342 F.3d at 568. Regardless, the respondents seem to fundamentally misunderstand the purpose of a stay and abeyance under *Rhines*. Under *Rhines*, this Court stayed this case to allow Cain to pursue an unexhausted claim of ineffective assistance of post-conviction counsel in *state* court under *state* law because Carr's federal habeas petition cannot be granted until he exhausts available *state*

---

[5] Such stays have been entered "to further the principles of comity, finality and federalism," *see Duncan v. Walker*, 533 U.S. 167, 178 (2001), because if a petitioner succeeded on such a claim in state court, it would undoubtedly impact the pending federal habeas corpus proceedings, potentially rendering them moot.

remedies. It is irrelevant whether federal law recognizes a right to post-conviction counsel as grounds for a habeas corpus claim. For these reasons, the respondents' motion for reconsideration fails to establish an error of law or fact, raise new evidence, or highlight an intervening change in the law, and therefore must be denied.

## IV
## Conclusion

The respondents' motion for reconsideration [48] is **DENIED**. As directed in the Court's January 6 order, "Carr's federal counsel must move for appointment in state court within twenty-two (22) days of the entry of [this] order denying reconsideration."

**SO ORDERED**, this 23rd day of February, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

6