# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**ANTHONY CARR**                                                      **PETITIONER**

**V.**                                              **NO. 3:19-CV-274-DMB**

**NATHAN CAIN, Mississippi**
**Corrections Commissioner; and**
**LYNN FITCH, Attorney General**                        **RESPONDENTS**

## ORDER

On April 26, 2023, Anthony Carr filed a motion to extend the time to move for appointment of counsel in state court, Doc. #62; and a motion to file under seal a supporting declaration containing health information of a non-party to explain the necessity of the extension, Doc. #63.[1]

In considering whether to grant a motion to seal, there is a "presumption in favor of the public's access to judicial records," and the decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must balance "the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021).

The Court concludes the public interest in a non-party's sensitive medical information is low and is outweighed by the interest in maintaining the confidentiality of such medical information. *See Dunigan v. Miss. Valley State Univ.*, No. 4:19-cv-33, 2020 WL 2735396, at *1

---

[1] In violation of Local Rule 79(e), Carr did not submit a proposed order on the motion to seal and fails to specify whether the declaration is sought to be sealed from (1) "any access by the public and the litigants' counsel," (2) "public access only, with CM/ECF access permitted to the litigants' counsel," or (3) "public access in CM/ECF, but available for public viewing at one or more terminals located within the Clerk's office." *See* L.U. Civ. R. 79(e)(3)(B). In violation of Local Rule 7(b)(10), the motion to seal fails to indicate whether it is opposed. In the interest of judicial efficiency, the Court excuses these failures in this instance. Carr subsequently clarified that he seeks the declaration to be sealed from public access only, with CM/ECF access permitted to the respondents' counsel. And while the respondents did not file a response to the motion to seal, they advised they do not oppose it.

(N.D. Miss. 2020) (granting motion to seal medical records). Accordingly, the motion to file the declaration under seal [63] is **GRANTED**. The declaration may be submitted to the Clerk of Court within seven (7) days of the entry of this order and, if timely submitted, the Clerk of Court is **DIRECTED** to file the declaration as Exhibit 1 to Document #62 with access to it restricted to the parties and the Court.

    **SO ORDERED**, this 3rd day of May, 2023.

                                                **/s/Debra M. Brown**
                                                **UNITED STATES DISTRICT JUDGE**