IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ANTHONY CARR**                                                                                  **PETITIONER**

**V.**                                                                                                 **NO. 3:19-CV-274-DMB**

**NATHAN CAIN, Mississippi
Corrections Commissioner; and
LYNN FITCH, Attorney General**                                         **RESPONDENTS**

### ORDER

On December 6, 2022, the Court granted in part Anthony Carr's "Motion to Stay and Abey Proceedings"[1] to allow Carr to exhaust in state court Claim #2 in his habeas petition. Doc. #47. Given Carr's argument that ineffective assistance of post-conviction counsel caused his failure to exhaust certain claims,[2] the Court relied in part on the Mississippi Supreme Court's decision in *Grayson v. State*, 118 So. 3d 118, 126 (Miss. 2013), which created an exception to the state procedural bars for claims of ineffective assistance of post-conviction counsel in capital cases in Mississippi. *Id.* at 4; *see Brown v. State*, 306 So. 3d 719, 748 (Miss. 2020) (citing *Grayson*¸ 118 So. 3d at 126). Because *Grayson* created a constitutional right to effective post-conviction counsel in death penalty cases in Mississippi, the Court determined that Carr's allegations of ineffective assistance of post-conviction counsel constituted good cause for his failure to exhaust Claim #2 under *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Doc. #47 at 3–4. The Court acknowledged that federal law recognizes no such right[3] but noted that Mississippi federal district courts have routinely stayed capital habeas cases so a petitioner could return to the Mississippi Supreme Court

---

[1] Doc. #40.

[2] Doc. # 41 at 7–8.

[3] *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

with claims of ineffective assistance of post-conviction counsel.[4] *Id.* at 4 (citing *Ambrose v. Cain*, No. 1:21-cv-302, 2022 WL 3499637, at *2 (S.D. Miss. Aug. 17, 2022)).

On January 23, 2024, the respondents filed "Respondents' Second Motion to Lift Stay" based on the Mississippi Supreme Court's recent decision in *Ronk v. State of Mississippi*, No. 2021-DR-00269, 2024 WL 131639, at *4 (Miss. Jan. 11, 2024), Doc. #74 at 2, which overruled *Grayson* "to the extent it excepted ineffective-assistance-of-post-conviction-counsel claims from UPCCRA's bars in death-penalty cases," *Ronk*, 2024 WL 131639 at *23.[5] Carr responded to the motion. Doc. #77. The respondents did not reply.

Because the mandate in *Ronk* has not issued and the petitioner in that case has been granted two extensions of time to file his motion for rehearing,[6] *Ronk* is not yet an official decision of the Mississippi Supreme Court and currently is not controlling authority applicable to Mississippi petitioners. Additionally, this case has been stayed for more than a year and Carr's post-conviction proceedings are already underway—the Mississippi Supreme Court recently granted Carr's motion for appointed counsel (particularly counsel's application to appear pro hac vice) and it set deadlines for the filing of Carr's motion to file a successive post-conviction petition, the State's response, and Carr's reply. *Carr v. State of Mississippi*, No. 2023-DR-00503, at Order #250631 (Miss. Feb. 20, 2024). The respondents have not identified any authority which would warrant lifting a stay

---

[4] Mississippi is the only state to recognize a constitutional right to appointed counsel in state post-conviction proceedings. *See Gibson v. Turpin*, 513 S.E.2d 186, 191–92 (Ga. 1999) ("[N]o state, save for Mississippi, has recognized a *constitutional* right to appointed counsel upon habeas corpus.") (citing *Jackson v. State*, 732 So. 2d 187 (Miss. 1999)) (emphasis in original).

[5] The respondents also rely on the Fifth Circuit's recent decision in *Tong v. Lumpkin*, 90 F.4th 857, 863 (5th Cir. 2024), to argue that the "good cause" element under *Rhines* has not been met. Doc. #75 at 5–6. The Court already rejected this argument by the respondents in considering their response to Carr's motion to stay and will not reconsider the argument now. Regardless, *Tong* is not a new holding. *See Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) (ineffective assistance of habeas counsel does not constitute good cause under *Rhines*). And *Tong* deals with the applicability of Texas law, not Mississippi law. *Tong*, 90 F.4th at 861, 864–65.

[6] *Ronk*, No. 2021-DR-00269, at Order #2024-675 (Miss. Feb. 23, 2024); *id.* at Order #2024-210 (Miss. Jan. 22, 2024).

2

under these circumstances and the Court is unaware of any such authority. For these reasons, the Court concludes that it would be inappropriate to lift the stay now in place. Accordingly, the "Respondents' Second Motion to Lift Stay" [74] is **DENIED**.

**SO ORDERED**, this 25th day of March, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**