IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| **ANTHONY B. CARR** | **PETITIONER** |
| V. | NO. 3:19-CV-274-DMB |
| **NATHAN CAIN**, Mississippi<br>Corrections Commissioner; and<br>**LYNN FITCH**, Attorney General | **RESPONDENTS** |

## REPLY TO OPPOSITION TO MOTION FOR
## LEAVE FOR DISCOVERY OR REFERRAL TO STATE COURT

Once again, Respondents insist on mischaracterizing Carr's present claim for relief, insisting that it concerns the ineffectiveness of post-conviction counsel rather than the ineffectiveness of the first counsel in Carr's trial court to be able to present his *Atkins* claim. Doc. #89 (the "Opposition") at 1 *et seq.*; *see also* Doc. #88 at 14.[1] This unwillingness to engage directly the actual present claim for relief renders the Opposition broadly inapposite to the arguments advanced in Carr's present motion for this Court either to permit Carr to use the available procedural lever in state court for discovery concerning the raw data of the late Dr. Macvaugh's IQ testing or—in the event the Court grants the State's pending (third) motion to lift the *Rhines* stay—to grant Carr leave to obtain Rule 6 discovery compelling the production of that same 2009 raw data.

Once again, Carr in no way disputes the notion that the ineffectiveness of state post-conviction counsel is not a cognizable ground for federal habeas corpus relief, yet the State

---

[1] "The State has persisted in confusing the nature of both this Court's basis for staying the proceedings and for Carr's presentation of this claim to the state courts, arguing that Carr's claim stems from his post-conviction counsel's ineffectiveness and, due to the overruling of *Grayson v. State*, 118 So. 3d 118 (Miss. 2013), is foreclosed from overcoming the procedural bar to successive post-conviction litigation. Doc. #82 at 3-4) (citing *Ronk v. State*, 391 So. 3d 785 (Miss. 2024))."

1

hones its discussion upon arguing a point that has zero bearing upon these proceedings. Doc. #89 at 2-3.

The State then argues that Carr is to be faulted for not having "fairly presented the substance of his ineffective-assistance-of-PCR-counsel claim to the Mississippi Supreme Court for review. *Id.* at 3. Apart from the fact that Carr makes no such PCR-counsel claim, Carr indeed has not yet presented *any* claim there because that court, by its order precipitating the State's pending motion to lift the *Rhines* stay (Doc. #84), has deflected the state proceedings by this detour back to this Court. The State's exhaustion argument here sheds light neither upon the present motion's discussion of the federal procedural consequences, per § 2254(b)(1)(B)(ii), of the state supreme court's frustration of Carr's state process (*see* Doc. #88 at 10-11), nor upon the prospective application of § 2254(e)(2) to the particular raw data Carr would present to this Court in the event it is determined that he is to remain shut out of the state courts (*id.* at 9-10).

Finally, the State's argument that Carr lacks entitlement to state discovery under Miss. Code Ann. § 99-39-15, misleadingly quotes the Mississippi Supreme Court observing that "Rule 22(c) does not apply to successive petitions for post-conviction relief." Doc. #89 at 5 (quoting *Brown v. State*, 255 So. 3d 141, 147 (Miss. 2017)). Carr in no way seeks to rely upon Rule 22 of the Mississippi Rules of Appellate Procedure; Carr merely invokes the recognized "entitle[ment] to discovery under the UPCCRA, assuming that he eventually files his successive petition for post-conviction relief." *Brown*, 255 so. 3d at 145.

In sum, the State's opposition offers no availing argument. For the reasons chiefly set forth in Carr's present motion, this Court should either (a) refer this cause to the Mississippi Supreme Court to permit Carr's pursuit of the plainly available discovery under state procedure or, in the event the Court elects to resume these proceedings despite the state court's frustration

of Carr's struggle to present the bases of his *Atkins* counsel claim for relief through statutorily available channels, (b) order Rule 6 discovery with the express recognition of § 2254(e)(2) and § 2254(b)(1)(B)(ii)'s application to the consideration in this Court of the evidence resulting from that discovery.

 Respectfully submitted, this the 2nd day of April, 2025.

        /s/ *Joseph J. Perkovich*
        Joseph J. Perkovich
        PHILLIPS BLACK, INC.
        PO Box 3547
        New York, NY 10008
        212.400.1660 (tel.)
        j.perkovich@phillipsblack.org

        /s/ *Christina M. Seanor*
        Christina M. Seanor
        Caroline Bradley-Kennedy
        BRADLEY ARANT BOULT CUMMINGS
        One Jackson Place
        188 East Capitol Street, Suite 1000
        PO Box 1789 Jackson, MS 39215-1789
        601.948.8000 (tel.)
        cseanor@bradley.com
        ckenney@bradley.com

        *Counsel for Petitioner Anthony B. Carr*